UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MERRIL HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-00905-AC<br><br>**AMENDED ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant defendant's cross-motion for summary judgment.

////

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

On December 3, 2014, plaintiff protectively filed an application for SSI.[2] Administrative Record ("AR") 198-206.[3] The disability onset date was alleged to be December 3, 2014. AR 33. The application was disapproved initially and on reconsideration. AR 89, 117. On November 28, 2016, ALJ Christopher C. Knowdell presided over the hearing on plaintiff's challenge to the disapprovals. AR 30-61 (transcript). Plaintiff was present and testified at the hearing. AR 34. Plaintiff was represented during the administrative proceedings by attorneys Jeffrey L. Milam and Sengthiene Bosavanh. AR 16, 127. At the hearing, attorney Cynthian Vosavon represented plaintiff. AR 32. A Vocational Expert ("VE"), Susan Creighton-Clavel, also testified at the hearing. Id.

On February 1, 2017, the ALJ found plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 13-29 (decision). On February 8, 2018, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision).

Plaintiff filed this action on April 12, 2018. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383(c)(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been briefed. ECF Nos. 16 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965, and accordingly was 49 years old on the alleged disability onset date, making him a "younger person" under the regulations.[4] AR 200. Plaintiff has at least a high school education and can communicate in English. AR 259-61. Plaintiff worked in the

---

[2] Plaintiff originally applied for both SSI under Title XVI of the Act and Disability Insurance Benefits ("DIB") under Title II of the Act. At the hearing before the ALJ, plaintiff withdrew his application for DIB. AR 33. Thus, only the decision on plaintiff's application for SSI is before the court.

[3] The Administrative Record is electronically filed at ECF Nos. 10.3 to 10.25 (AR 1 to AR 1133).

[4] See 20 C.F.R. § 404.1563(c) (anyone under the age of 50 is considered a "younger person").

2

past as a roofer, gutter installer, furniture mover, and cabinet installer. AR 35, 229-33.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not,

4

the claimant is disabled.

Id. § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2005.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since December 3, 2014, the amended alleged onset date (20 CFR 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: diabetes mellitus neuropathy, seizures, and kidney disease, neck pain, low back pain and left elbow pain (20 CFR 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he can occasionally climb ropes, ladders, and scaffolds. He can frequently balance, crouch, crawl, stoop, and kneel. He should avoid unprotected heights and should not drive or operate heavy machinery. In addition, after an hour sitting or standing, the claimant should be able to alternate positions for at least thirty seconds.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 7. [Step 5] The claimant was born on July 17, 1965 and is 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 416.963).[5]

---

[5] Plaintiff was 51 years old on the date the ALJ's written decision was issued, but he was 49 years old on the alleged disability onset date. Thus, as stated above, plaintiff was actually a

5

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 3, 2014, through the date of this decision (20 CFR 416.920(g)).

AR 18-24. As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 24.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to give specific and legitimate reasons for rejecting the opinion of plaintiff's treating physician, and (2) discounting plaintiff's subjective testimony without providing specific, clear and convincing reasons for doing so. ECF No. 16 at 9-19. Plaintiff requests that the matter be remanded to the Commissioner for payment of benefits, or in the alternative, for further administrative proceedings. Id. at 19.

### A. The ALJ Did Not Commit Reversible Error in Weighing the Opinion of Plaintiff's Treating Physician

The record before the ALJ included the medical opinions of plaintiff's treating physician, Li Li, M.D.; consultative examiner Dr. Richard Chun, who personally examined the plaintiff; and two State agency medical consultants, G. Taylor, M.D. and L. DeSouza, M.D. As discussed in detail below, treating physician Dr. Li opined that plaintiff could not perform even sedentary work (AR 1133); examining physician Dr. Chun opined that plaintiff could perform a range of medium work (AR 933-34); and the reviewing State physicians both opined that plaintiff could perform medium work with certain additional limitations (AR 69-70, 82-83).

---

"younger person" on the alleged onset date.

6

1. Principals Governing the Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician, he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

2. Analysis

Plaintiff contends that the ALJ erred by discounting the opinion of his treating physician, Dr. Li, without providing specific and legitimate reasons for doing so. ECF No. 16 at 9. The court disagrees and finds that the ALJ sufficiently articulated at least one specific and legitimate reason, supported by substantial evidence, to justify his conclusion.

In a single-page residual functional capacity ("RFC") questionnaire completed in November 2016, Dr. Li opined that plaintiff could not perform full-time work at any exertional level, including sitting down. AR 1133. Specifically, Dr. Li opined that if plaintiff had to lift objects for 2-3 hours over the course of an 8-hour period, he was limited to a maximum of 15 pounds; that plaintiff could sit for 1 hour at most; and that he could stand or walk for 30 minutes

at most. Id. Additionally, Dr. Li opined that plaintiff had to lay straight for back pains and muscle spasms and that his "feet lose feelings most times [sic]." Id. Dr. Li stated that she based her opinion on the objective findings that plaintiff had neck and back pain, decreased range of motion, and blurry vision. Id.

The ALJ gave Dr. Li's opinion little weight for two reasons, only the first of which the court finds to be supported by substantial evidence. The ALJ's first stated reason for discounting Dr. Li's opinion was that Dr. Li's "extreme limitations [were] not supported by her examination findings, which show generally that the claimant has a normal gait and strength." AR 22. The record reflects that plaintiff visited Dr. Li approximately once a month from March 2014 through October 2016. Dr. Li's visit note from March 18, 2014 reflects "No pedal edema," "Gait steady and balanced," and "Muscles strength 5/5." AR 977-78. In May 2014, Dr. Li stated in her general examination notes both that there was "[n]o pedal edema," and that "[t]here is edema of 2+" in both of plaintiff's feet. AR 971. From July 2014 through October 2016, Dr. Li's examination notes reflected the following identical information at every visit:

- In the Cardiovascular portion: "Pedal edema of both lower limbs extending up to ankle. Edema is pitting type. Edema is painful."
- In the Musculoskeletal portion: "Cervical spine: Range of motion is restricted with flexion and extension. On examination of paravertebral muscles, spasm and tenderness is noted on both the sides."
- In the Neurologic portion: "Peripheral motor and sensation intact, Gait steady and balanced, Muscles strength 5/5 and DTR 2/4 bilaterally."
- For the "Diabetic Foot Exam: BILATERAL FEET: There is edema of 2+."

AR 944-63, 971-78, 989-1004, 1013-43.

Plaintiff argues that, in discounting Dr. Li's opinion, the ALJ ignored Dr. Li's treatment notes that supported her opinion—namely the painful and pitting edema and cervical spine spasms and tenderness. ECF No. 16 at 11. Despite Dr. Li's evaluation records noting these symptoms, the court finds that the notes also contain substantial evidence for the ALJ's conclusion that they did not support the extreme limitations described in Dr. Li's November 2016

8

RFC questionnaire. Dr. Li's evaluation records did not indicate that plaintiff was having any difficulty sitting, standing, or walking. Indeed, even while noting that plaintiff's edema was painful and he had some restricted mobility of his cervical spine, Dr. Li consistently reported that plaintiff had full muscle strength and a steady and balanced gate. See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (recognizing a conflict with treatment notes as a specific and legitimate reason to discredit a treating physician's opinion). Because the court finds the lack of support in Dr. Li's examination notes to be a specific and legitimate reason for discounting her finding of extreme functional limitations, plaintiff's argument on this point fails.

Second, the ALJ found that Dr. Li's opinion was "not consistent with other opinions, the claimant's testimony, or his treatment records." AR 22-23. The other opinions discussed by the ALJ, in support, were those of the consultative examiner Dr. Chun and the State agency medical consultants. In March 2014, eight months prior to plaintiff's December 2014 alleged onset date, Dr. Chun conducted an in-person examination of plaintiff. AR 929-34. In his functional assessment, Dr. Chun opined that plaintiff could lift 50 pounds occasionally and 25 pounds frequently; that he had no limitations on standing, walking, or sitting; no limitations on climbing or balancing; and that he could frequently stoop, kneel, crouch, and crawl. AR 933-34. The ALJ afforded Dr. Chun's opinion great weight, stating that Dr. Chun personally examined plaintiff and his opinion was supported by his examination notes and the record as a whole. AR 22.

On initial review in March 2015, Dr. Taylor determined, as relevant, that plaintiff could lift 50 pounds occasionally and 25 pounds frequently; and that he could stand, walk, and sit for a total of 6 hours in an 8-hour workday. AR 69-71. On reconsideration in July 2015, Dr. DeSouza determined the same functional limitations, but added that, due to new findings of pitting edema, plaintiff needed to alternate positions between sitting and standing for at least 30 seconds every hour. AR 99-100. The ALJ afforded the opinions of Drs. Taylor and DeSouza "partial weight," reasoning that they did not personally examine the plaintiff, and that records added at the hearing level showed a more restrictive RFC. AR 22.

Plaintiff argues that Dr. Chun's opinion was less relevant than Dr. Li's because his opinion was based on a single medical examination that occurred several months before the

alleged disability onset date; whereas Dr. Li had been treating plaintiff for over two years. ECF No. 16 at 9. The court must agree. "Medical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1165 (9th Cir. 2008) (finding that the ALJ did not err in giving little weight to an examining physician's opinion because it was provided before plaintiff's alleged disability onset date). Moreover, the mere fact that Dr. Li's opinion is not consistent with Dr. Chun's opinion is not, itself, a valid reason for discounting Dr. Li's opinion. Rather, the contradiction between their opinions triggers the requirement that the ALJ provide specific and legitimate reasons for discounting Dr. Li's opinion. See Ghanim, 763 F.3d at 1161 ("Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it."); Carmickle, 533 F.3d at 1164. The ALJ's general reference to inconsistencies with "the claimant's testimony, or his treatment records" without any discussion of their substance falls far short of the required specificity. See Trevizo v. Berryhill, 871 F.3d 664, 676-77 (9th Cir. 2017) (holding that ALJ did not offer specific and legitimate reasons for rejecting medical opinion where she provided only a conclusory determination that the opinion was contradicted).

Nevertheless, the inadequacy of the ALJ's second stated reason for discounting Dr. Li's opinion is harmless here because, as discussed above, the ALJ properly provided a specific and legitimate reason for discounting Dr. Li's opinion based on lack of supporting examination notes. See Molina, 674 F.3d at 1115 (error is harmless when it is inconsequential to the ultimate nondisability determination). Therefore, there was no reversible error in the ALJ's treatment of Dr. Li's opinion.

    B. The ALJ Properly Considered Plaintiff's Testimony

        1. Principles Governing the Consideration of Subjective Testimony

Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only

show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is not "required to believe every allegation" of disability. Fair v. Brown, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

        2. Analysis

At the hearing, plaintiff testified to experiencing pain in his back and neck area as well as neuropathy in his hands and feet due to diabetes. AR 36, 41. He also testified as follows regarding his daily activities and functional limitations. He testified that during a typical day, he would help his parents around the yard for about half an hour to an hour, trimming bushes or picking fruit, before laying down to stretch his back. AR 44. He would also accompany his parents to the grocery store and help them carry the groceries in to the house. Id. However, he stated that he could only lift about 15 pounds with both hands. Id. Additionally, he testified that he had trouble walking, especially when his feet are numb, which is a daily occurrence that limits his ability to walk to about two blocks. AR 42-43. In order to attend the hearing, plaintiff walked about 35 minutes after being dropped off at the incorrect building, which he stated "just about killed him." AR 51-52. Plaintiff also testified that he could only sit for 1 hour and stand for 45 minutes at a time. AR 43. He further testified that he rode his mountain bike once a week, and could ride for about a half hour before getting a burning sensation in his hands. AR 52-53. He acknowledged that he could lift the bike, which he described as lightweight and made of aluminum. AR 53.

Regarding his treatment history, plaintiff testified that although he previously treated his pain with Norco, he had since switched to taking aspirin 3 to 4 times a day. AR 45. He also

11

treated his pain by laying down and stretching at least twice a day for about 20 minutes. AR 37. He confirmed that Dr. Li had not recommended any treatment for his back and that he had not received any injections or physical therapy. Id.

The ALJ found that plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were "not entirely consistent with" the medical and other record evidence. AR 21. The ALJ gave the following reasons for discounting plaintiff's testimony: (1) plaintiff testified to a variety of activities of daily living such as yard work and biking; (2) he had not been recommended physical therapy, injections, or any surgical procedures and only took over-the-counter medication for his pain; (3) his examination findings were routinely mild, showing that he had normal strength and steady gait; and (4) "his allegations of disabling impairment [were] not consistent with the record." AR 21-22.

As to the ALJ's first stated reason, conflicts between a claimant's testimony and his activities of daily living may constitute clear and convincing reasons for rejecting the testimony. Morgan v. Comm'r, 169 F.3d 595, 599-600 (9th Cir. 1999); Williams v. Berryhill, No. 2:17-cv-00357 AC, 2018 U.S. Dist. LEXIS 135603, at *19-20 (E.D. Cal. Aug. 9, 2018). The conflicts identified by the ALJ in this case are specific and supported by the record. Although plaintiff testified that he was unable to walk more than two blocks, the ALJ noted plaintiff also testified to walking 35 minutes to the hearing office—albeit with great difficulty. AR 21. Additionally, the ALJ pointed to the plaintiff's ability to ride and pick up his bicycle, help with chores, and do yard work—activities which suggest he was more functional than he claimed.

Second, plaintiff's history of conservative treatment was also a clear and convincing reason to discount plaintiff's testimony. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). The ALJ properly recognized plaintiff's treatment of his pain with over-the-counter medication and stretching and the lack of any medical recommendation for more aggressive treatment as additional bases to find plaintiff less credible. See id. (upholding ALJ's reliance on plaintiff's treatment with over-the-counter medication as

////

clear and convincing reason for discounting plaintiff's testimony regarding the severity of her impairment).

Lastly, the ALJ discounted plaintiff's testimony based on the record evidence, which showed that plaintiff's physical examinations were routinely mild, that his condition had not worsened over time, and that he had normal strength and steady gait. AR 21-22. As discussed above, Dr. Li's examination notes support this assertion. AR 989-1012. The ALJ's reliance, in part, on the lack of medical support for plaintiff's testimony was proper. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ provided clear reasons, supported by the record, for his assessment of plaintiff's credibility. Accordingly, there was no legal error.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: July 17, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE